

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                              Criminal No. 3:15cr12

JOHN POLHILL

　　Defendant.

**MEMORANDUM OPINION**

This matter is before the Court on DEFENDANT JOHN POLHILL'S MOTION TO WITHDRAW GUILTY PLEA (Docket No. 160) ("Polhill Mtn.") For the reasons set forth below, the motion will be denied.

On January 20, 2015, a federal grand jury returned an indictment charging Defendant John Polhill ("Polhill") with bank robbery in violation of 18 U.S.C. § 2113(a) (Count 1) and Discharge of a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(c) (Count 2). (Polhill Mtn. 2). The bank robbery is alleged as the underlying "crime of violence" required for the § 924(c) charge. Id. On March 24, 2015, Polhill pled guilty to Counts 1 and 2, and the case was set for sentencing on July 2, 2015. Id.

After Polhill pled, but prior to sentencing, the Supreme Court of the United States decided United States v. Johnson, 576 U.S. --, 135 S.Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2),

is unconstitutionally vague. Polhill subsequently filed this motion to withdraw, arguing, in essence, that (1) the residual clause of § 924(c) is unconstitutionally vague in light of Johnson and (2) armed robbery is not categorically a crime of violence under the force clause of § 924(c), such that he is legally innocent on Count 2. (Pohill Mtn. 1). The United States opposed the motion. (United States' Response Opposing Defendant's Motion to Withdraw Guilty Plea, Docket No. 164) ("Gov't's Opp.").

The parties agree that defendants do not have an absolute right to withdraw a guilty plea before sentencing. (Polhill Mtn. 3) (relying on United States v. Moore, 931 F.2d 235, 248 (4th Cir. 1991)). A defendant must establish a fair and just reason to withdraw his guilty plea based on certain enumerated factors: (1) the knowing and voluntary nature of the plea, (2) legal innocence, (3) delay between entering the plea and filing the motion to withdraw, (4) close assistance of competent counsel, (5) prejudice to the government, and (6) inconvenience to the court and waste of judicial resources. Moore, 931 F.2d at 248. The parties devoted their briefing page space almost exclusively to the "legal innocence" factor, and the Court concurs that legal innocence is dispositive in the Moore analysis in this case.

To credibly assert legal innocence under § 924(c), Polhill must establish that he is legally innocent under both of the two definitions of "crime of violence" applicable to § 924(c). § 924(c) provides that

> any person who, during and in relation to any crime of violence … uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime

shall be subject to an additional prison term depending on whether the firearm was possessed, brandished, or discharged. 18 U.S.C. 924(c)(1). Thus, to prove a violation of § 924(c), the Government must prove (1) that the defendant possessed, brandished, or discharged a firearm, and (2) that he did so during and in relation to a crime of violence. United States v. Jenkins, No. 15-4135, 2015 WL 6121552, at *1 (4th Cir. Oct. 19, 2015) (citing United States v. Strayhorn, 743 F.3d 917, 922 (4th Cir. 2014)). Under the statute,

> the term "crime of violence" means an offense that is a felony and –
>
> > (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> >
> > (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

3

18 U.S.C. § 924(c)(3). Section 924(c)(3)(A) is colloquially referred to as the "force clause" and § 924(c)(3)(B) is colloquially referred to as the "residual clause."

Polhill pled guilty to bank robbery under 18 U.S.C. § 2113(a). To credibly assert legal innocence under § 924(c), Polhill must establish that neither the force clause nor the residual clause of § 924(c)(3) is applicable to bank robbery.

After Polhill's motion became ripe, but before oral argument, the Court became aware that the Fourth Circuit was considering the question of whether armed robbery categorically qualifies as a crime of violence. United States v. McNeal, No. 14-4871, 2016 WL 1178823 (4th Cir. Mar. 28, 2016). Recognizing that the Fourth Circuit's opinion was likely to resolve the issue of whether the robbery committed by Polhill would qualify as a crime of violence under the force clause, the Court stayed this motion pending the decision in McNeal. (Order, Docket No. 170). The Fourth Circuit's recent decision in that case stated clearly that bank robbery under § 2113(a) is categorically a crime of violence within the meaning of the force clause of § 924(c)(3). McNeal, 2016 WL 1178823, at *8, 13.

Because McNeal establishes that § 2113(a) is categorically a crime of violence under § 924(c), Polhill cannot establish

4

legal innocence, and cannot establish a "fair and just" reason to withdraw his guilty plea.

The other Moore factors counsel in favor of that result because Polhill's plea of guilty was knowingly and voluntarily made, and because Moore was closely assisted by competent counsel. The other Moore factors are of no significance given that Polhill's motion was predicated on his assertion of legal innocence.

For the above reasons, DEFENDANT JOHN POLHILL'S MOTION TO WITHDRAW GUILTY PLEA (Docket No. 160) will be denied.

It is so ORDERED.

                                       /s/        REP
                         Robert E. Payne
                         Senior United States District Judge

Richmond, Virginia
Date: April 13, 2016